UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILORAD OLIC,

        Petitioner,

    v.

JOE A. LIZARRAGA,

        Respondents.

No. 2: 17-cv-0155 JAM KJN P

FINDINGS AND RECOMMENDATIONS

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the original petition. Petitioner challenges his 2014 prison disciplinary conviction for refusing assigned housing.

    Pending before the court is respondent's motion to dismiss on grounds that this action is barred by the statute of limitations. (ECF No. 15.) Petitioner has filed an opposition to this motion. (ECF No. 15.) Respondent did not file a reply.

    For the reasons stated herein, the undersigned recommends that respondent's motion to dismiss be denied.

II. Discussion

    The undersigned must first determine the date petitioner filed the original petition. The original petition is court stamped as filed on January 23, 2017. (ECF No. 1 at 1.) Under the

"mailbox rule," a pro se prisoner's habeas petition is deemed constructively filed when he gives it to prison authorities for mailing. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); see also Houston v. Lack, 487 U.S. 266, 276 (1988). Generally, a court deems a habeas petition filed on the day it is signed because it assumes the petitioner turned the petition over to prison authorities for mailing that day. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (stating that a court typically deems a habeas petition filed the day it was signed); see Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (stating that a court assumes the petitioner turned the petition over to prison authorities for mailing the day the petition was signed).

The petition does not contain a proof of service. The date next to petitioner's signature indicates that petitioner signed the petition on January 15, 2017, which is consistent with the date the court filed the petition. (ECF No. 1 at 6.) However, there are two other dates near petitioner's signature, i.e., December 30, 2015 and April 17, 2016. (Id.) Because it is clear that petitioner did not mail the petition to the court on either of those dates, the undersigned finds that petitioner filed the petition on January 15, 2017.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

2

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

The Ninth Circuit has held that "when a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'" Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(1)(D).) "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Id. (citing Shelby v. Bartlett, 391 F.3d 1060, 1066 (9th Cir. 2004); see also Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003).

In this case, petitioner's third level grievance challenging the at-issue disciplinary conviction was denied on April 28, 2015. (See ECF No. 15 at 14.) The statute of limitations began to run the following day, i.e., April 29, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner had one year from that date, i.e., until April 29, 2016, to file a timely federal petition. The instant action, filed January 15, 2017, is not timely unless petitioner is entitled to statutory or equitable tolling.

A. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for state post-conviction judgment or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Pursuant to the mailbox rule, petitioner filed a habeas corpus petition in the California Supreme Court on July 14, 2015. (ECF No. 15 at 13.) The California Supreme Court denied the petition on October 28, 2015. (Id. at 32.) Thus, petitioner is entitled to 106 days of statutory tolling. Adding 106 days of statutory tolling extends the limitations period from April 29, 2016 to August 13, 2016. The instant action is still not timely.

////

3

B. Equitable Tolling

The one year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In the opposition, petitioner argues that he is entitled to equitable tolling on two grounds. First, petitioner argues that the Clerk of this court destroyed his petition. Second, petitioner argues that he was denied access to his legal property. The undersigned sets forth the grounds of petitioner's claims for equitable tolling herein:

> Reason for this long period to submit my petition is Court Clerk of this Court that deliberately with criminal intent destroyed copy of this petition and refused to file it twice. First in February 2016 and then in April 2016. I contacted Court Clerk first and then Chief Judge England of this court and Chief Justice Roberts of the U.S. Supreme Court. You can see that petition is dated and signed 3 times, December 30, 2015, April 17, 2016 and January 15th 2017. I also sent my receipts for copies I made in April to Judge Kendall J. Newman as proof that I made copies and sent them by First Class Mail. I enclose copies of 3 habeas petitions and one complaint. Complaint case number is 2: 16-cv-00307 JAM KJN.
>
> In May 2016 I was sent to DSH without my property as per CDCR Regulation and was unable to send copy for the third time. I appealed this issue but I was able to obtain my property in January 2017. Please see Exhibit A. Deadline may be tolled during period in which petitioner lacked access to his legal files.

(ECF No. 16 at 2.)

Petitioner offers no evidence supporting his conclusory claim that the Clerk of the Court destroyed or refused to file a petition. The undersigned is not persuaded by this argument for equitable tolling.

The undersigned now turns to petitioner's claim that he was denied access to his legal property. Attached to petitioner's opposition is a response to petitioner's First Level grievance addressing the claim that he was denied access to his legal property. (ECF No. 16 at 3.) The response, dated January 30, 2017, states that petitioner claimed that his legal property remained at the California Men's Colony ("CMC") when he was transferred from CMC to the California

4

1    Health Care Facility ("CHCF") on April 12, 2016.  (Id.)  On October 18, 2016, petitioner was

2    transferred from CHCF to Salinas Valley State Prison ("SVSP").  (Id.)  On November 9, 2016,

3    petitioner was transferred from SVSP to California State Prison-Los Angeles County ("LAC").

4    (Id.)  The response states that petitioner's legal property was mailed from CMC to LAC via

5    Golden State Overnight on December 7, 2016.  (Id.)  The property arrived at LAC on December

6    8, 2016.  (Id.)

7          The grievance discussed above confirms that petitioner was denied access to his legal

8    property from April 12, 2016, to some date after December 8, 2016.  In his opposition, petitioner

9    alleges that he did not receive his legal property until January 2017.  Petitioner filed the instant

10   action on January 15, 2017.

11         The deprivation of legal materials by prison officials constitutes an extraordinary

12   circumstance that justifies equitable tolling.  Espinoza-Matthews v. California, 432 F.3d 1021,

13   1027 (9th Cir. 2005).  In Espinoza-Matthews, Ninth Circuit also granted the petitioner equitable

14   tolling for the reasonable time it took petitioner to prepare and file his petition after the return of

15   his legal materials.   (Id. at 1027-28.)

16         In the instant case, petitioner diligently sought the return of his legal property through

17   administrative grievances.  Accordingly, petitioner is entitled to equitable tolling for the period of

18   time he was denied access to his legal materials.  Petitioner also acted diligently in preparing and

19   filing his federal habeas petition after the return of his legal materials.  Accordingly, petitioner is

20   entitled to equitable tolling from the date his legal materials were returned to when he filed the

21   instant action on January 15, 2017.  For these reasons, the instant action is timely and

22   respondent's motion to dismiss should be denied.

23         Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss

24   (ECF No. 15) be denied; and respondent be ordered to file an answer to the petition within thirty

25   days of the order adopting these findings and recommendations

26         These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28   after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 5, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Olic155.mtd