UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOE A. LIZARRAGA,<br><br>　　　　Respondent. | No. 2:17-cv-00155 JAM KJN<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2011, petitioner was convicted of attempted murder and was sentenced to thirteen years-to-life in state prison. Petitioner claims that during his incarceration, correctional authorities violated his constitutional rights by forcing him to leave his housing in the administrative segregation unit. After careful review of the record, this court concludes that the petition should be denied.

II. Procedural Background

On April 7, 2011, petitioner was sentenced to thirteen years-to-life in prison after a jury found him guilty of attempted murder (Cal. Pen. Code, § 664(a)/187(a)) - including enhancements for personally inflicting great bodily injury on a person over 70 (Cal. Pen. Code, § 12022.7(c)) and use of a deadly or dangerous weapon (Cal. Pen. Code, § 12022(b)(1)) – and

1

inflicting injury on an elder adult (Cal. Pen., § 368(b)(1)).  (ECF No. 20 at 10-16.)  Petitioner unsuccessfully appealed the conviction to the California Court of Appeal, Fourth Appellate District-Division Three.  (ECF No. 1 at 2.)  Thereafter, the California Supreme Court denied his petition for review.  (ECF No. 1 at 2.)  A petition for writ of habeas corpus pertaining to that conviction is reportedly pending before the United States District Court for the Central District of California.  (ECF No. 1 at 2-3.)

Following disciplinary proceedings in state prison, petitioner filed a petition for writ of habeas corpus with the California Supreme Court on July 23, 2015.  (ECF No. 20 at 18-24.)  The petition was summarily denied on October 28, 2015.  (ECF No. 20 at 42-43.)

Petitioner filed the instant petition on January 23, 2017.  (ECF No. 1.)  Respondent filed a motion to dismiss on May 9, 2017, and Petitioner filed objections June 12, 2017.  (ECF Nos. 15 & 16.)

The undersigned issued findings and recommendations on October 5, 2017, recommending the motion be denied and that respondent file an answer to the petition.  (ECF no. 18.)  On December 20, 2017, the district judge adopted the findings in full and ordered respondent to file an answer to the petition within thirty days.  (ECF No. 19.)

On January 19, 2018, respondent filed an answer.  (ECF No. 20.)  On February 12, 2018, petitioner filed his traverse.  (ECF No. 21.)

III.  Brief Factual Summary

Petitioner is serving an indeterminate sentence of thirteen years-to-life following a conviction for attempted murder.  While incarcerated, petitioner was housed in the administrative segregation unit at Mule Creek State Prison.  When petitioner was advised in November 2014 that, pursuant to a decision of the Institution Classification Committee (ICC), he was to be released to Facility A, he refused to comply with a correctional officer's order to re-house pursuant to the ICC decision.

Petitioner's refusal resulted in disciplinary proceedings wherein he was found guilty of obstructing a peace officer (refusing assigned housing) in violation of Title 15 California Code of Regulations §3005(c) and assessed the loss of ninety days behavioral credits.  Petitioner

exhausted his administrative remedies by appealing the decision at each available level.

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted

among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous"'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103.

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no

reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 101. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

V. Petitioner's Claim

   A. *The Prison Disciplinary Proceedings*

Petitioner claims that his constitutional rights pursuant to the Eighth Amendment were violated when he was found guilty at a prison disciplinary hearing "because he has a right to voluntary stay in AdSeg" pursuant to Title 15 California Code of Regulations §§ 3341.5 and 3269.1. (ECF No. 1 at 7.) More particularly, he contends "inmates can stay voluntary[ily] in AdSeg," that "refusing to leave AdSeg can not be interpreted as refusing housing," and that "safety concerns must be addressed." (ECF No. 1 at 9-10.) He requests this court grant his petition, "declare the rights of parties," reverse the finding of guilt, restore the loss of behavioral credits, and "expunge all references to the disciplinary charge from [his] central file." (ECF No. 1 at 10-11.)

////

Respondent counters that this court lacks jurisdiction to adjudicate petitioner's claim, and alternatively, interpreting petitioner's claim to be one challenging the sufficiency of the evidence, that the state court's denial of his habeas petition was not unreasonable. (ECF No. 20 at 4-8.)

*Jurisdictional Standards in Habeas Matters*

Federal law provides "two main avenues to relief on complaints related to state imprisonment: a petition for habeas corpus (28 U.S.C. § 2254) and a civil rights complaint (42 U.S.C. § 1983). Muhammad v. Close, 540 U.S. 749, 750 (2004).

In Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), the United States Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier relief from that imprisonment, his sole federal remedy is a writ of habeas corpus." With respect to prison disciplinary and administrative proceedings, a constitutional claim concerning the application of rules administered by a prison or penal administrator challenging the duration of a sentence presents a cognizable claim of custody pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings).

In 2016, the Ninth Circuit Court of Appeals considered the issue of whether a habeas corpus petition was the proper vehicle to challenge a conviction arising from a disciplinary proceeding where that conviction would not necessarily impact the fact or duration of an inmate's confinement. It determined that where success on the merits of a petition challenging the result of a disciplinary proceeding would not necessarily impact the fact or duration of confinement, a petitioner's claim would not fall within "the core of habeas corpus," meaning the claim could not properly be brought in a habeas corpus action. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016).

More specifically, in Nettles, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary violation and, as a result, had thirty days of good conduct credits revoked. Nettles, 830 F.3d at 927. The prisoner subsequently filed a habeas petition in federal court seeking restoration of the loss of credits and expungement of the rules violation report that led to the disciplinary finding. Id. The district court dismissed the petition, holding that the prisoner could not prove that expungement of the rules violation report and restoration of lost credits were likely to accelerate his eligibility for parole. Id.

The prisoner appealed, and on rehearing en banc, the Ninth Circuit held that the district court lacked jurisdiction over the prisoner's claim because success on the merits "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35. The Ninth Circuit explained that, under California law, the parole board can "deny parole 'on the basis of any of the grounds presently available to it....'" Id. at 935. Although a disciplinary violation is relevant to whether a prisoner is suitable for parole, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id. Accordingly, the Ninth Circuit held that the prisoner's challenge to the disciplinary finding did not fall within "the core of habeas." Id.

Here, like the petitioner in Nettles, petitioner seeks to set aside a disciplinary rule violation resulting in a ninety-day loss of credit. However, even if petitioner obtains the relief he seeks, petitioner would not be entitled to immediate release from prison. Certainly, the disputed disciplinary finding may affect the future assessment of petitioner's parole suitability, but the existence of the rule violation will not compel a determination that petitioner is unsuitable for parole, nor will its expungement entitle petitioner to a grant of parole. Therefore, petitioner's claim does not lie at "the core of habeas corpus." And, as a result, this court lacks jurisdiction to

adjudicate the pending petition. See, e.g., Rouser v. Sullivan, 2019 WL 1934483 (E.D. Cal. May 1, 2019) (same).

In his traverse, petitioner contends Nettles does not apply because "Nettles is American citizen" and does not "face deportation," and because petitioner is "deportable" he does not present a danger to the community, that danger being the "reason for [the parole] board's existence." Petitioner concludes that "[t]here is not theoretical possibility that [he] can remain in the United States" even if he were released by the parole board. (ECF No. 21 at 1-2.)

Under California law, "the paramount consideration for both the Board and the Governor" in determining parole suitability is "whether the inmate currently poses a threat to public safety and thus may not be released on parole." In re Lawrence, 44 Cal.4th 1181, 1212 (2008). Title 15 California Code of Regulations § 2402 concerns the determination of suitability for parole. Included is a list of information that shall be considered by the parole board panel, as well as circumstances tending to show unsuitability and suitability for parole. (15 Cal. Code Regs. § 2402(b)-(d).) Specifically, § 2402(b) allows for consideration of "any other information which bears on the prisoner's suitability for release" and (d)(8) reads: "Understanding and Plans for Future. The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release." Focusing on deportation as it relates to parole, the lack of a release plan can result in a finding of unsuitability. See, e.g., Ibarra v. Sisto, 2009 WL 1911628 at *8 (E.D. Cal. July 1, 2009). More significantly to petitioner's position here, however, is the fact that any finding regarding dangerousness in light of deportation is entirely speculative. Said another way, even assuming petitioner's contention that he has been ordered deported following denial of an asylum petition, the fact of deportation alone does not mean petitioner cannot be found to pose a threat to public safety. Petitioner cannot prove the expungement of the rules violation report and restoration of behavioral credits are likely to accelerate his eligibility for

parole. Nettles, 830 F.3d at 927.  In sum, Nettles applies regardless of petitioner's deportation status.

To conclude, the undersigned finds this court lacks jurisdiction to adjudicate petitioner's claim.[2]  Therefore, it is recommended the claim be DENIED.

*Conversion of the Habeas Petition*

Finally, in Nettles, the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under 42 U.S.C. § 1983.  Nettles, 830 F.3d at 936.  However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  Id.

Here, the undersigned does not find recharacterization to be appropriate.  As an initial matter, prison civil rights actions are subject to different requirements than are federal habeas proceedings, including higher filing fees.  Moreover, petitioner has not necessarily named the proper defendants and the relief he seeks here may not necessarily be the same relief he might seek in a civil rights action.  Accordingly, this court should not exercise its discretion to recharacterize the action.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[2] Because the court lacks jurisdiction, the undersigned need not address respondent's alternate argument.

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Olic.0155.157